[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11010
_____

D. C. Docket No. 3:10-cr-00074-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD SCHUERER,

Defendant-Appellant.

_____

No. 11-11011
_____

D. C. Docket No. 3:10-cr-00074-MCR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FAY SCHUERER,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(August 7, 2013)

Before MARTIN and BLACK, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

Gerald and Fay Schuerer appeal their convictions, following a jury trial, for mail fraud, in violation of 18 U.S.C. § 1341; and fraudulent concealment of property belonging to a bankruptcy estate, in violation of 18 U.S.C. § 152(1). Specifically, the Schuerers contend the Government failed to present sufficient evidence to convict them because:  (1) they were not the debtors in Bankruptcy Case No. 03-4073-LMK for the U.S. Bankruptcy Court for the Northern District of Florida; (2) there was no admissible evidence that the final order of discharge in their bankruptcy case was caused to be delivered by the United States Postal Service; and (3) the jury was provided an erroneous instruction on the concealment of property count.

We review *de novo* whether the evidence was sufficient to sustain a conviction.  *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003).  We view the record in the light most favorable to the verdict, drawing all reasonable

_____

[*] Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

2

inferences and resolving all questions of credibility in favor of the Government. *See id.* After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude there is no merit to the Schuerers' sufficiency arguments and that there was sufficient evidence to convict Gerald and Fay Schuerer of both counts.

The Schuerers also request that we remand to the district court for it to consider whether their trial counsel's performance was ineffective. However, "[e]xcept in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance on direct appeal." *United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005). "Instead, an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Merill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (quotations and alteration omitted). We conclude the record is not sufficiently developed for an ineffective assistance of counsel claim, and we will not address it on direct appeal.

Accordingly, we affirm the Schuerers' convictions.[1]

**AFFIRMED.**

---

[1] The Schuerers withdrew their cumulative error argument in their Reply Brief and we therefore do not address it.